# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| **CYNTHIA GAIL BOWYER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 7:10cv00281 |
| v. | ) |
| | ) By: Michael F. Urbanski |
| **MICHAEL J. ASTRUE,** | ) United States District Judge |
| **Commissioner of Social Security,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Cynthia Gail Bowyer ("Bowyer") brought this action for review of the Commissioner of Social Security's ("Commissioner") decision denying her claim for disability insurance benefits ("DIB") under the Social Security Act ("the Act"). Bowyer argues on appeal that the Administrative Law Judge ("ALJ") improperly evaluated her impairments and complaints of pain and erred in failing to apply Medical Vocational Guideline 201.14. Having carefully reviewed the administrative record and considered the arguments of counsel, the court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **AFFIRMED**, the Commissioner's Motion for Summary Judgment (Dkt. # 14) is **GRANTED**, and Bowyer's Motion for Summary Judgment (Dkt. # 12) is **DENIED**.

**I**

Section 405(g) of Title 42 of the United States Code authorizes judicial review of the Social Security Commissioner's denial of social security benefits. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "'Under the Social Security Act, [a reviewing court] must uphold the

factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct, legal standard.'" Id. (alteration in original) (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). "Although we review the [Commissioner's] factual findings only to establish that they are supported by substantial evidence, we also must assure that [his] ultimate conclusions are legally correct." Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).

The court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to satisfy the Act's entitlement conditions. See Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401. If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The "[d]etermination of eligibility for social security benefits involves a five-step inquiry." Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002).

This inquiry asks whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his or her past relevant work; and if not, (5) whether he or she can perform other work. Heckler v. Campbell, 461 U.S. 458, 460-462 (1983); Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, he does not proceed to the next step. 20 C.F.R. § 404.1520(a)(4). Once the claimant has established a prima facie case for disability, the burden then shifts to the Commissioner to establish that the claimant maintains the residual functional capacity ("RFC"),[1] considering the claimant's age, education, work experience, and impairments, to perform alternative work that exists in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

## II

Bowyer was born in 1951 and graduated high school in 1969. (Administrative Record, hereinafter "R." at 63, 70, 167.) She previously worked as a bus driver at the medium exertion, semi-skilled level. (R. 161.) Bowyer filed an application for benefits on April 4, 2008, claiming disability as of August 31, 2003. (R. 12.) The Commissioner initially rejected Bowyer's application for benefits based on a medical records review by Dr. Frank M. Johnson (physical) and Louis Perrott, Ph.D. (mental) on December 29, 2008. (R. 354-60, 361-74.) The decision was confirmed on reconsideration based on a medical records review by Dr. Michael Hartman

---

[1] RFC is a measurement of the most a claimant can do despite his or her limitations. See 20 C.F.R. § 404.1545(a). According to the Social Security Administration:

> RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule.

Social Security Regulation (SSR) 96-8p. RFC is to be determined by the ALJ only after considering all relevant evidence of a claimant's impairments and any related symptoms (e.g., pain). See 20 C.F.R. § 404.1529(a).

3

(physical) and Howard Leizer, Ph.D. (mental) on April 15, 2009. (R. 404-10, 411-24.) The ALJ held an administrative hearing on December 16, 2009. (R. 27-68.)

In a decision issued on January 4, 2010, the ALJ found that Bowyer had severe impairments consisting of osteoarthritis of the shoulder and neck, and fibromyalgia. (R. 17.) Considering these impairments, the ALJ found that Bowyer retained the RFC to lift a maximum of 50 pounds at a time, and lift and carry up to 25 pounds frequently. (R. 19.) The ALJ found that she can walk and stand six out of eight hours,[2] can frequently bend and stoop, and can use her arms and hands for grasping, holding, and turning objects. Id. The ALJ further found that Bowyer must avoid even moderate exposure to hazards such as working at heights and working around dangerous moving machinery. Id. Based on this RFC, the ALJ determined that Bowyer can perform her past relevant work as a school bus driver. Accordingly, the ALJ concluded that Bowyer is not disabled under the Act. The Appeals Council denied Bowyer's request for review on May 7, 2010 and this appeal followed. (R. 1-3.)

## III

On appeal, Bowyer first argues that the ALJ improperly evaluated her complaints of pain and erred in concluding her complaints are not credible. However, allegations of pain and other subjective symptoms, without more, are insufficient to establish disability. Craig v. Chater, 76

---

[2] While the ALJ fails to mention sitting specifically in the RFC assessment, it is clear from the opinion that he found Bowyer can perform medium work, which involves sitting. Social Security Ruling 83-10 defines medium work as requiring "standing or walking, off and on, for a total of approximately 6 hours in an 8-hour work day. . ." SSR 83-10. Additionally, it states "[a]s in light work, sitting may occur intermittently during the remaining time." Id.

20 C.F.R § 404.1567(c) states that "if someone can do medium work, we determine that he or she can also do sedentary and light work." Sedentary work "implies a capacity to sit for at least 6 hours in an 8-hour day and to lift up to 10 pounds maximum." Van Huss v. Heckler, 572 F. Supp 160, 166 (W.D.Va. 1983). Bowyer argues on appeal that she should be classified at the sedentary exertional level instead of the medium level. Thus, Bowyer admits that she can sit 6 hours in an 8-hour day. Additionally, the ALJ expressly adopts the opinions of the reviewing state agency physicians (R. 20), both of whom opine that Bowyer can sit 6 hours per day. (R. 355, 405.) Nothing in the administrative record contradicts this finding or suggests Bowyer cannot sit. Thus, the ALJ's failure to mention sitting specifically is of no moment. The court also notes that plaintiff raises no issue on appeal regarding the ALJ's failure to specifically mention sitting in his RFC assessment.

4

F.3d 585, 592 (4th Cir. 1996). When faced with conflicting evidence in the record, it is the duty of the ALJ to fact-find and to resolve any inconsistencies between a claimant's alleged symptoms and his ability to work. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996); accord Melvin v. Astrue, No. 606cv32, 2007 WL 1960600, at *1 (W.D. Va. July 5, 2007). Accordingly, the ALJ is not required to accept Bowyer's assertion that she is disabled by pain; instead, the ALJ must determine through an examination of the objective medical record whether Bowyer has proven an underlying impairment that could reasonably be expected to produce the symptoms alleged. Craig, 76 F.3d at 592-94 (stating the objective medical evidence must corroborate "not just pain, or some pain, or pain of some kind or severity, but the pain the claimant alleges [h]e suffers.").

Contrary to the plaintiff's assertions, the ALJ properly evaluated Bowyer's subjective complaints in accordance with Social Security Ruling 96-7p. Pursuant to this two-step process, the ALJ determined that there is an underlying medically determinable impairment that could reasonably be expected to produce the claimant's pain or symptoms, then evaluated the intensity, persistence and limiting effects of the symptoms to determine the extent to which they limit the claimant's ability to do basic work activities. (R. 20.) See also 20 C.F.R. § 404.1529. The ALJ acknowledged that Bowyer had a number of medical problems (R. 20) and determined that certain of these impairments were severe: osteoarthritis of the shoulders and neck, and fibromyalgia. (R. 19.) While the ALJ determined that Bowyer's impairments could reasonably be expected to produce her alleged symptoms, he also determined that her claimed level of limitation was not supported by the objective evidence of record. (R. 21.) Substantial evidence supports the ALJ's finding in this regard.

Bowyer's alleged physical impairments include thyroid disease, GERD, left shoulder rotator cuff tear, bursitis, left shoulder and neck arthritis, and fibromyalgia. (R. 39-46.) As a result of these conditions, Bowyer testified that she suffers from constant pain and cramping, experiences pain in her neck and both shoulders, cannot sit or stand for long periods, must lay down to rest two to four times during the day due to pain and fatigue, and cannot extend her left arm. (R. 39-58.) She also claims that she can only stand for thirty minutes, sit for ten minutes, and lift no more than a gallon of milk. (R. 55-58.) Bowyer contends that her conditions have worsened during the past three or four years. (R. 59-60.)

While part of her testimony indicated that her physical impairments have caused her debilitating pain, other parts portrayed the pain as much more minor. For example, Bowyer testified that taking Tylenol reduced her pain and taking Tylenol PM allowed her to sleep. (R. 190, 197, 400.) She testified that her left elbow no longer caused pain (R. 42) and that her hypothyroidism was controlled with medication and was normal in February 2009 (R. 14, 395). She claimed in September 2008 that she had no further significant episodes of pain from her GERD (R. 425) and she used over-the-counter medications, ice, and rest to treat her arthritis and bursitis. (R. 346.) With respect to her condition worsening during the past three to four years, her application and testimony indicate otherwise.

At the administrative hearing, she said there was nothing she could do five years ago that she can no longer do. (R. 60.) Since she filed her disability application in April 2008, her conditions have not worsened according to her disability Appeals Reports of February and May 2009. (R. 191, 195.) Neither application lists worsening disabilities. Id. While she claims she experiences prolonged and consistent debilitating pain, she is able to drive, care for her pets, pay bills, check on an elderly relative, clean the home, travel to and shop at the grocery store, travel

to the post office and pet store, shop for clothes, mow the lawn, and cook meals. (R. 176-83.) Bowyer can walk one quarter of a mile before needing to rest (R. 181) and can stretch and exercise on a treadmill. (R. 52.) Furthermore, Bowyer even admitted to performing "some masonry work" during the relevant period. (R. 335.) Her daily activities and medical report indicate that her pain is not so severe that it would prevent her from performing consistent work activity. As the ALJ points out, the issue is not whether the claimant experiences pain and symptoms, but whether she experiences debilitating pain. In Bowyer's case, the RFC assessment, the reviewing state agency physicians' and psychologists' opinions were all consistent with one another. Each opinion stated that Bowyer was capable of medium work, and none of her doctors has opined that she is disabled. If subjective complaints are inconsistent with evidence as a whole, the subjective complaints may be discounted. 20 C.F.R. § 404.1529. Because the objective medical evidence in this case fails to support Bowyer's subjective complaints, the ALJ's decision is supported by substantial evidence. 20 C.F.R. § 404.1529(c)(3)(iv),(v). Inconsistencies between Bowyer's subjective complaints of pain and her objective medical record coupled with her daily activities undermine her credibility.

In this case, the ALJ considered both the objective medical evidence and the subjective complaints of pain in making an RFC determination. The ALJ considered the credibility of Bowyer's complaints in light of the entire record. Credibility determinations are in the province of the ALJ, and courts normally ought not interfere with those determinations. See Hatcher v. Sec'y of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989); Melvin, 2007 WL 1960600, at *1; SSR 95-5p. There is plenty of evidence to support the ALJ's credibility determination in this case. As such, the Commissioner's decision should be affirmed.

# IV

Bowyer's second claim on appeal is that the ALJ erred in failing to apply Medical Vocational Guideline 201.14 based on medical records supporting her testimony that she cannot lift her arm above a certain level. Bowyer argues that due to her impairments, she is limited to work at the sedentary level; therefore, the ALJ should have applied Medical Vocational Guideline 201.14 under 20 C.F.R. § 404, Appendix 2 to Subpart P, which would direct a finding of disability.

Nothing in the record suggests that Bowyer is limited to sedentary work. Therefore, the ALJ correctly did not apply Medical Vocational Guideline 201.14. The opinions of several treating physicians are consistent with the notion that Bowyer is not disabled. On March 19, 2004, an MRI of Bowyer's right upper extremity showed no significant tendonitis or rotator cuff tear. (R. 269.) Bowyer complained on April 1, 2004 of joint pain to her primary care physician, Dr. Elizabeth L. Polk, who treated her by injecting her shoulder. (R. 267-68.) After the injection, Bowyer claimed significant improvement in her shoulder.

On December 14, 2005, Dr. Polk's examination of Bowyer revealed that she was not in acute distress, had no edema, and no cervical, axillary or inguinal adenopathy. (R. 261.) On March 28, 2007 Bowyer complained to Dr. Polk of stomach problems. Dr. Polk's notes indicate that Protonix had controlled Bowyer's symptoms in the past, but that she stopped taking the medication because of insurance coverage. (R. 237.) Dr. Polk's examination revealed no acute distress, a soft nontender abdomen, and no edema. (R. 238.) Bowyer's CT scan of her abdomen and pelvis also came back normal. (R. 231.)

Dr. Daniel R. Tersak, M.D., examined her on December 3, 2007. He determined that Bowyer was not in apparent distress, had a normal affect, had a normal gait, had a supple neck

with no masses, had no cyanosis, clubbing or edema, and a straight spine. (R. 297.) Dr. Benjamin Ernst, D.O., examined Bowyer on August 25, 2008. Dr. Ernst determined that she had a full range of motion in all four extremities and had normal strength and grip. (R. 346.) Dr. Ernst suggested that Bowyer continue with her diet, exercise, and use current medication for her thyroid and ice, rest, gentle range of motion exercises, and over-the-counter Motrin or Tylenol for her elbow bursitis. (R. 346.)

On September 25, 2008, Bowyer went back to Dr. Polk, whose examination revealed that Bowyer was not in acute distress, had no clubbing, cyanosis or edema, and had a full range of motion. (R. 425.) Dr. John W. Pendleton, a rheumatologist who examined her on February 25, 2009, found that she had normal strength and normal range of motion. While the x-rays indicated that she suffered from deterioration of discs and joints consistent with degenerative arthritis (R. 391), Dr. Pendleton suggested that she take Tylenol for pain and suggested she could benefit from a regular exercise, a stretching program, water activities, and yoga. (R. 403.)

20 C.F.R. § 404.1545(a) states that the Commissioner should base his findings on all relevant evidence, including the medical records, medicals source opinions, and the individual's subjective allegations and description of her own limitations. The Commissioner's RFC assessment was consistent with the two state agency physicians' opinions that Bowyer was capable of medium work and was also consistent with the state agency psychologists' opinions that Bowyer's mental impairments were not severe. Significantly, there are no medical opinions in the record indicating that Bowyer cannot work. As such, the ALJ's decision is supported by substantial evidence.

# V

At the end of the day, it is not the province of the court to make a disability determination. It is the court's role to determine whether the Commissioner's decision is supported by substantial evidence, and, in this case, substantial evidence supports the ALJ's decision. In recommending that the final decision of the Commissioner be affirmed, the undersigned does not suggest that Bowyer is free from all infirmity. Careful review of the medical records compels the conclusion that Bowyer has not met her burden of establishing that she is totally disabled from all forms of substantial gainful employment. The ALJ properly considered all of the subjective and objective factors in adjudicating Bowyer's claim for benefits. It follows that all facets of the Commissioner's decision in this case are supported by substantial evidence. For these reasons the Commissioner's Motion for Summary Judgment (Dkt. #14) is **GRANTED**, and Bowyer's Motion for Summary Judgment (Dkt. #12) is **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to counsel of record.

Entered: August 9, 2011

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge